# Third District Court of Appeal

## State of Florida

Opinion filed August 28, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1928
Lower Tribunal No. 21-7060
_____

**Leslie Gratz, etc.,**
Appellant,

vs.

**1750 James Condominium Association, Inc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Vivianne del Rio, Judge.

Perez Mayoral P.A., and Michael P. Mayoral, for appellant.

Mitrani, Rynor, Adamsky & Toland, P.A., and Sheryl S. Natelson (Weston), for appellees Esther Carpio, Lynton Gardiner, Francesca Losito, Dragan Pavlovic, and Lucas Silva; Vernis & Bowling of Miami, P.A., and Evelyn Greenstone Kammet and Mark Leonard Erdman, for appellees 1750 James Condominium Association, Inc., and Valerie Froumentin Leonias.


Before EMAS, LINDSEY and BOKOR, JJ.

EMAS, J.

Leslie Gratz appeals the trial court's order dismissing with prejudice his derivative action filed against 1750 James Condominium Association, Inc. (the Association) and various former and current board members. Following Gratz's filing of the action, the trial court appointed Russell M. Robbins as an "independent panelist" pursuant to section 617.07401(3)(c), Florida Statutes (2021), to investigate Gratz's claims and to submit a report addressing whether maintaining the derivative action is in the best interest of the Association and its members.[1]

Upon Robbins' submission of his report, the trial court held an evidentiary hearing during which Robbins testified to the breadth of his investigation and the findings supporting his recommendation of dismissal. The trial court adopted Robbins' findings, including his primary finding that "maintaining the derivative action is not in the best interest of the Association and its members." The trial court also concluded, pursuant to section 617.07401(3), that Robbins' determination was "made in good faith and

---

[1] Section 617.07401(3)(c), Florida Statutes, provides that a trial court may dismiss a derivative proceeding if it finds that the court-appointed "panel of one or more independent persons . . . has made a good faith determination after conducting a reasonable investigation upon which its conclusions are based that the maintenance of the derivative suit is not in the best interests of the corporation."

based on a reasonable investigation." The trial court adopted Robbins'

recommendation and dismissed, with prejudice, Gratz's derivative action.

On appeal, Gratz contends generally that the trial court erred in

adopting Robbins' findings because Robbins failed to conduct a reasonable

investigation; for example, he contends Robbins applied incorrect law in

concluding the board members were immune from suit under the business

judgment rule, and failed to "explore all relevant information" by, inter alia,

conducting interviews with other unit owners. Gratz further contends the trial

court erred in awarding the Association attorney's fees under section

617.07401(5), Florida Statues (2021), because there was no showing "that

the proceeding was commenced without reasonable cause"—a threshold

requirement under that statute.[2]

---

[2] Section 617.07401(5), Florida Statutes, provides:

> Upon termination of the proceeding, the court may require the plaintiff to pay any defendant's reasonable expenses, including reasonable attorney's fees, incurred in defending the proceeding if it finds that the proceeding *was commenced without reasonable cause*.

(Emphasis added).

The trial court also found the Association was entitled to attorney's fees under the terms of Article 14(2) of the Association's Declaration of Condominium, as "prevailing party." Further, the Association was entitled to costs (including the costs of the independent investigator) pursuant to section 57.041(1), Florida Statutes (2022) ("The party recovering judgment

Applying a hybrid standard of review, see Ezer v. Holdack, 358 So. 3d 429, 432 (Fla. 4th DCA 2023) ("[M]ixed questions of law and fact . . . require us to employ a mixed standard of review: we defer to the trial court's factual findings (to the extent they are supported by competent, substantial evidence), but we review the trial court's legal conclusions de novo.") (quotation omitted), we hold the trial court committed no reversible legal error. There is competent substantial evidence to support the trial court's extensive and detailed findings and conclusions, including the determination that Robbins was independent and conducted his investigation reasonably and in good faith, and the ultimate determination that maintaining the derivative action is not in the best interest of the Association and its members. See § 617.07401(3), Fla. Stat. (2021) ("The court may dismiss a derivative proceeding if, on motion by the corporation, the court finds that one of the groups specified in paragraphs (a)-(c) has made a good faith determination after conducting a reasonable investigation upon which its conclusions are based that the maintenance of the derivative suit is not in the best interests of the corporation. The corporation has the burden of

---

shall recover all his or her legal costs and charges which shall be included in the judgment. . . .") Because we affirm the award of attorney's fees under the Declaration, and the award of costs under section 57.041(1), we need not reach the question of whether the trial court properly concluded that the derivative action was "commenced without reasonable cause."

4

proving the independence and good faith of the group making the determination and the reasonableness of the investigation. The determination shall be made by: . . . (c) A panel of one or more independent persons appointed by the court upon motion by the corporation."); <u>Cornfeld</u> <u>v. Plaza of the Ams. Club, Inc.</u>, 273 So. 3d 1096, 1099-1100 (Fla. 3d DCA 2019) ("[T]he independent investigator in this case . . . examined the merits of the proposed claims and concluded that the derivative suit was not in the corporation's best interest. . . . The trial court did not abuse its discretion by adopting [the investigator's] factual findings and legal conclusions, and finding that the report was reasonable and conducted in good faith.") <u>See</u> <u>also</u> <u>Ezer</u>, 358 So. 3d at 433-34 (rejecting the contention that "the court must independently assess the validity of the report's conclusions" and holding that "[s]ection 617.07401(3)(b)'s plain language does not require courts to question [an investigator's] recommendation as long as the court found the [investigator] was independent and conducted its investigation reasonably and in good faith. The court is not required to apply its own business judgment to assess the merits of the committee's conclusions.") (internal citations omitted).

Affirmed.